## Cross v. Beatty.

*Practice—Summons—Service while defending criminal suit—Waiver by appearance.*

1. A defendant in a criminal case is not privileged from service of a summons in a civil suit while attending court to answer a criminal charge.

2. Even if defective, the right to object to the service is waived by appearing and defending the suit.

*Dog Law—Illegal killing—Value—Limit of recovery against State—Act of May 11, 1921.*

3. The Act of May 11, 1921, § 37, P. L. 522, limiting the amount to be recovered for the illegal killing of a dog to $100, applies only in proceedings under the act where payment is to be made by the State, and does not prevent the owner from recovering the full value from the wrongdoer in an action at law.

*Joint defendants—Liability—Joint judgment.*

4. A joint judgment against defendants jointly sued is conclusive of joint liability in the absence of proof to the contrary.

*Certiorari—Alderman's court—Record—Evidence.*

5. On *certiorari* to an alderman's court, the evidence is not a part of the record.

*Alderman—Judgment—Time of entry—Last day falling on Sunday—Act of June 20, 1883.*

6. Where the tenth day allowed for entry of judgment by an alderman falls on Sunday, judgment entered on Monday is in time under the Act of June 20, 1883, P. L. 136.

*Certiorari* to judgment of an alderman. C. P. Butler Co., June T., 1927, No. 9.

*W. H. Martin,* for plaintiff.

*O. D. Hastings* and *C. L. McQuistion,* for defendant.

HENNINGER, P. J., June 30, 1927.—This cause is now before us on a writ of *certiorari* and questions the legality of an alderman's judgment. Ten exceptions have been filed raising five questions. We will consider them under the questions instead of under the exceptions.

Defendants were summoned while attending the alderman's court as defendants in a criminal action in which the plaintiff was prosecutor. There is nothing on the record to support an inference that the criminal prosecution was brought for the purpose of obtaining jurisdiction over the defendants, and as we recollect the criminal prosecution, its history would not support

such an inference. Defendants contend that the service of summons was illegal because they were defendants in a criminal action when it was served. This question has been decided by the Supreme Court of our State in the case of Wood v. Boyle, 177 Pa. 620. That case is on all fours with the case we are considering. Wood had Boyle arrested and brought into an adjoining county on a criminal charge, and while Boyle was defending the action Wood had him summoned in a civil action, both suits based on the same act. Held, that a defendant in a criminal case is not privileged from service of summons in a civil action while attending court to answer a criminal charge. The record shows that defendants all attended the hearing before the alderman and were represented by counsel, who, after filing the motion to set aside the summons, participated in the hearing by cross-examining plaintiff's witnesses. We are of opinion that defendants were legally summoned, and also, if not, that they waived the defect by appearing and taking part in the hearing. He who wishes to avail himself of a defect in summons must not participate in the trial on its merits.

This suit was brought to recover the value of a licensed dog illegally killed by defendants. The 37th section of the Act of May 11, 1921, P. L. 522, known as the Dog Law, provides: "Nothing in this act shall be construed to prevent the owner of a licensed dog from recovering by action at law the value of any dog illegally killed by a police officer or any other person within this Commonwealth from such police officer or other person. In case such police officer or other person fails to pay the value of such dog, the same shall be paid by the State. The value of said dog shall be ascertained in the same manner as provided in section 26 of this act for assessing the damage done to livestock by dogs, and shall in no case exceed one hundred dollars for any one dog."

Defendants contend that this section prevents an action at law, if not entirely, until proceedings were first had under section 26 of said act, and the value of the dog fixed in the same manner that the value of livestock killed by dogs is fixed, and that the amount recoverable is limited to $100. A careful consideration of the entire act of assembly has led us to the conclusion that this is not a proper construction.

The first part of section 37 specifically and expressly provides that the effect of the act should not be to prevent the owner of a licensed dog from recovering by action at law the total value of the dog. The remaining part of the section provides that in case the value of the dog is not obtained from the tortfeasor, the State will pay for the dog to the extent of $100, and that the value of the dog, in case the State is to pay for it, shall be fixed and determined in the same manner that the value of livestock is fixed and determined when the State pays for it.

The language of section 37 was never intended to limit the recovery of damages for a dog illegally killed, where the suit was brought by the owner of the dog against the tortfeasor. Such a construction would be against the plain wording of the first part of section 37 of the act and the clear intent of the entire act. By a prior provision in the act, dogs are made personal property. A necessary incident of that expression would be that the owner may, according to the common law, bring suit for all damage sustained by reason of the destruction of the dog. There is nothing in the act that by express words or clear intendment shows that a person owning a dog worth $300 must accept $100 when it is destroyed illegally and maliciously and when he sues the tortfeasor. An act of assembly cannot deprive a person of a right of action, nor fix the time within which it may be brought or limit the amount of recovery unless its title gives notice of such intent. This act does not and

Cross v. Beatty.

no such intent appears in the act. We are of opinion that the owner of a dog has his remedy by common law action for damages, that his suit is governed by the general limitation act and that the amount is not limited by the Act of 1921, but that the provision cited limits the amount that the State will pay, and provides the method that it shall be determined and time within which notice must be given.

The record clearly indicates that the three defendants were together when the dog was shot and that they were acting jointly. No law requires that joint liability appear on the face of this record, except that it show that they were jointly sued, summoned or appeared and that judgment was joint. Before the defendants could take advantage of the record, it would have to disclose the fact that defendants were not acting jointly. A joint judgment is conclusive of a joint liability in default of a record contradicting it. The evidence taken before the alderman is not all on the record, nor is there any requirement that it should be, nor can an inference be drawn that when a part is returned, that it is all the evidence that was before the alderman. In a common law action before an alderman to recover a debt or damages for a wrongful act, the evidence is not part of the record, and the insufficiency of the evidence to sustain the findings of the alderman can only be corrected by appeal. A *certiorari* does not bring up the evidence. We are of opinion that the sufficiency of the evidence is not before us on *certiorari*, and that if it were, there is sufficient on the record to sustain the alderman's finding of a joint liability.

Defendants contend that the alderman's record discloses the fact that plaintiff's dog was shot while pursuing defendants' dogs and that its killing under such conditions was legal. We are unable to adopt this contention, first, because there is nothing on the record to support such an inference; second, that that question could only be raised on appeal; third, a licensed dog pursuing another dog may not legally be killed for that reason. In doing so, it is neither worrying, wounding nor killing livestock or poultry.

Defendants have not excepted on the ground that the judgment of the alderman is void because it was not entered within ten days after hearing, but on argument and in brief contend that, as the hearing was held on Feb. 17, 1927, and the judgment was not entered by the alderman until Monday, Feb. 28th, the judgment is void. By act of assembly, an alderman is required to render judgment within ten days of the hearing. The tenth day was Feb. 27, 1927, and that was Sunday. The Act of June 20, 1883, P. L. 136, provides: "Where, by any existing law or by any law that may hereafter be enacted, the performance or doing of an act, duty, etc., shall be ordered and directed and the period of duration of the performance or doing thereof shall be prescribed and fixed, such time, in all cases, shall be so computed as to exclude the first and include the last day, provided that whenever the last day shall fall on Sunday, such day shall be omitted from the computation."

Monday, Feb. 28th, was, therefore, the tenth day reckoned according to the said act of assembly. This complaint must be overruled, first, because it was not raised; second, because judgment was entered on the tenth day; and third, because the direction to enter judgment within ten days is directory and not mandatory.

### Order of court.

Now, June 29, 1927, exceptions are all dismissed and the judgment of the alderman affirmed.

From Thomas H. Greer, Butler, Pa.